**HANG CHEN, a.k.a. Tzu Lung Chang, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 08–0590–ag.

United States Court of Appeals, Second Circuit.

Nov. 3, 2009.

Lawrence Spivak (Liu Yu, Law Offices of Yu & Associates, PLLC, on the brief), New York, NY, for Petitioner.

Katharine E. Clark, Attorney, Office of Immigration Litigation (Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Jennifer Paisner, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

* Chief Judge Raymond J. Dearie of the United States District Court for the Eastern District of New York, sitting by designation.

1. Chen does not dispute the REAL ID Act's application to his petition for review. We

PRESENT: WALKER, REENA RAGGI, Circuit Judges, and RAYMOND J. DEARIE, District Judge.*

## SUMMARY ORDER

Petitioner Hang Chen, a native and citizen of the People's Republic of China, seeks review of a January 17, 2008 order of the Board of Immigration Appeals ("BIA"), affirming the January 31, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Hang Chen,* No. A97 959 263 (B.I.A. Jan. 17, 2008), *aff'g,* No. A97 959 263 (Immig. Ct. N.Y. City Jan. 31, 2006). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

When, as in this case, the BIA affirms the IJ's decision in all but one respect, we review the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); *see also Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). Chen's application is governed by the REAL ID Act of 2005 because he filed it on August 19, 2005, after the Act's May 11, 2005 effective date.[1] *See* Pub.L. No. 109–

note, however, that Chen first appeared before the IJ on April 22, 2005, prior to the REAL ID Act's effective date. At that hearing, Chen indicated his desire to apply for asylum, but acknowledged that he had not yet

13, § 101(h)(2), 119 Stat. 231, 305 (2005). Under the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 163–64 (2d Cir.2008).

We conclude that the agency's adverse credibility determination underlying its denial of asylum was supported by substantial evidence. Specifically, the IJ found that Chen testified inconsistently regarding the date police entered his home to arrest his friend for practicing Falun Gong, claimed implausibly that he departed from China without difficulty despite being sought by the authorities, and testified inconsistently regarding his desire to leave China in order to practice and promote Falun Gong. As these findings contain record support, we will not disturb them. *See* 8 U.S.C. § 1252(b)(4)(B); *Wensheng Yan v. Mukasey,* 509 F.3d 63, 66 (2d Cir.2007). Finally, because the credibility of Chen's testimony was called into question, the IJ properly relied on Chen's failure to adduce evidence corroborating his claim. *See Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000); *see generally* 8 U.S.C. § 1158(b)(1)(B).

Because Chen does not challenge the agency's denial of his withholding of removal and CAT claims, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005).

made an application. Chen later filed his application on August 19, 2005, after the REAL ID Act's effective date. Because the REAL ID Act's effective date provision references filed applications, not pre-application requests for relief, the REAL ID Act governs here. *See*

We have considered petitioner's other arguments on appeal and conclude that they lack merit. Accordingly, the petition for review is DENIED. As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

*Balachova v. Mukasey,* 547 F.3d 374, 380 n. 2 (2d Cir.2008); *Liang Chen v. United States Attorney Gen.,* 454 F.3d 103, 107 n. 2 (2d Cir.2006); *In re S–B–,* 24 I. & N. Dec. 42, 44–45 (BIA 2006).